# IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF MISSOURI WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 04-00175-01-CR-W-FJG ) |
| NORMA D. MANKE, | ) ) |
| Defendant. | ) ) |

## ORDER

Currently pending before the Court is defendant's Petition for a Writ of Error Coram Nobis and Request for Immediate Stay of Any Proceedings (Doc. # 70).

Defendant presents three arguments in her Petition: 1) the Court lacked jurisdiction ab initio due to the fact that no quorum was in place when the House of Representatives voted on Public Law 80-772 on May 12, 1947; 2) the actions of the lower court judge violated 28 U.S.C. §§ 454 and 455 which is automatically reversible; and 3) the Court has no authority pursuant to the IRS statutes to allow seizure or sale of assets.

With regard to the first issue, defendant argues that the Court failed to address the issue of jurisdiction in its previous order and because it has never been decided and because petitioner relies on judicially noticed facts, the Court has no alternative but to dismiss the conviction with prejudice. However, as the Government correctly notes, the Court has previously addressed this issue. In Case No. 07-0942-CV-W-FJG-P, in ruling on defendant's Petition for a Writ of Habeas Corpus, the Court stated "[n]umerous courts have reviewed the arguments petitioner makes herein and have concluded that

such challenges to the jurisdiction of the district courts are without merit." (Doc. # 2, n.2). Additionally, the Court in an Order dated June 5, 2007, filed in the instant case denied defendant's Motion for Relief from Judgment and adopted the reasons stated by the Government on this issue. So, the Court on two different occasions has addressed the jurisdictional issue and rejected it.

In her second argument, defendant argues that the "[r]ather than make findings of fact and law, and address the claims as presented, the court practiced law from the bench, acted as a second prosecutor in the case, and refused to even address her claims. Thus, the court was in direct violation of 28 USC sections 454 and 455." Petitioner also argues that she has learned that the court made money from her conviction and thus had a financial interest in denying her right to relief, manipulating the proceedings in order to maintain her conviction." 28 U.S.C. § 454 prohibits the practice of law by a judge or justice. 28 U.S.C. § 455 discusses under what circumstances judges must disqualify themselves. The Government states that defendant does not allege any facts which would suggest that any ground for disqualification exists in this case. The Court agrees and finds that there is no basis for this claim. The Court addressed all defendant's claims fairly and impartially. Additionally, the Court can assure the defendant that no money was made from her conviction and the Court did not have a financial interest in denying her right to relief.

Finally, petitioner argues that the IRS has no authority to seize or sell assets. However, as the Government notes, it is the United States Marshal that has been directed to levy a Writ of Execution on the real property to satisfy the judgment against defendant in this case. The IRS is not involved in the instant case.

2

Accordingly, for the reasons stated above, the Court hereby **DENIES** defendant's Motion for a Writ of Error Coram Nobis and Request for Immediate Stay of Any Proceedings (Doc. # 70).

Date: 11/17/09                      **S/ FERNANDO J. GAITAN, JR.**
Kansas City, Missouri           Fernando J. Gaitan, Jr.
                                        Chief United States District Judge